UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 24-cr-161 (ECT/DJF) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Billy Ismael Hawkins, | |
| Defendant. | |

---

Magistrate Judge Dulce J. Foster has issued a Report and Recommendation. ECF No. 33. Judge Foster recommends the denial of Defendant Billy Ismael Hawkins's Motion to Dismiss the Indictment. ECF No. 22. Mr. Hawkins objects. ECF No. 34. Because Mr. Hawkins has objected, the Report and Recommendation will be reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Mr. Hawkins's objection will be overruled, and the Report and Recommendation will be accepted.

I

On February 9, 2024, the State of Minnesota charged Mr. Hawkins with one count of unlawfully possessing a firearm and three counts of assault with a dangerous weapon. *State v. Hawkins*, 27-cr-24-3193. On March 14, 2024, he pleaded guilty to one count of assault, and the other counts were dismissed. *Id.* The United States then indicted him for being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 1 at 1–2. The Indictment alleges that Mr. Hawkins "was a member and associate of a criminal organization, namely, the South Minneapolis street gang known as the '10's'

(often stylized as '10z').") *Id.* at 1.  Mr. Hawkins argues that the Fifth Amendment's Double Jeopardy Clause and Due Process Clause bar his successive and selective prosecution. ECF No. 29 at 1, 4.

II

Mr. Hawkins's objection reasserts but does not expand on his argument that the Indictment violates the Double Jeopardy Clause.  ECF No. 34 at 1.  Therefore, his original argument, raised in the Memorandum in Support of [the] Motion to Dismiss, will be considered his full argument on this point.  ECF No. 29 at 1–4.  Mr. Hawkins argues that when the state court accepted his guilty plea, jeopardy attached, and he could no longer be prosecuted for the dismissed charge of being a felon in possession.  *Id.* at 2.  As Mr. Hawkins sees it, the successive federal charge violated his constitutional rights.  *Id.* at 3.

For the reasons Judge Foster described, this argument is incorrect.  The Double Jeopardy Clause says this: "nor shall any person be subject *for the same offence* to be twice put in jeopardy of life or limb."  U.S. Const. amend. V (emphasis added).  "Offence" refers to the violation of a particular sovereign's law.  *Gamble v. United States*, 587 U.S. 678, 681 (2019).  This is the "dual-sovereignty" doctrine, where "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute," and vice versa.  *Id.*  To be sure, the doctrine has some prominent dissenters.  *See* ECF No. 29 at 3–4 (first citing *id.* at 729–30 (Ginsburg, J., dissenting); then citing *id.* at 737–38 (Gorsuch, J., dissenting)).  But it is settled law.  *See United States v. Lanza*, 260 U.S. 377, 382 (1922); *Abbate v. United States*, 359 U.S. 187, 194–95 (1959); *United States v. Stroud*, 673 F.3d 854, 860 (8th Cir. 2012).  Under the dual-

2

sovereignty doctrine, Mr. Hawkins's state-law charge isn't the same offence as the federal charge, even if they arose from the same underlying conduct. The federal charge doesn't violate double jeopardy, and Mr. Hawkins's first claim will be denied.

III

Mr. Hawkins also argues that prosecuting him violates his due process rights because the Government charged him based on his race, a protected category. ECF No. 29 at 5 (citing *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). As with the first objection, for the reasons Judge Foster described, this objection will be overruled.

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982)). To prevail on a selective-prosecution claim, a defendant must make a prima facie case of discrimination, providing "clear evidence" that the prosecutor violated her duties. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14 (1926)). At this stage the defendant's burden is "a heavy one." *United States v. Parham*, 16 F.3d 844, 846 (8th Cir. 1994). The sufficiency of evidence is determined by a two-pronged test. *United States v. Perry*, 152 F.3d 900, 903 (8th Cir. 1998). The defendant must demonstrate, first, "that others similarly situated to him were not prosecuted," and second, "that the decision to enforce the law against him was motivated by discriminatory purpose." *Id.* The two prongs are sometimes called "discriminatory effect" and "discriminatory purpose" or motive. *Armstrong*, 517 U.S. at 465.

A

As to discriminatory effect, it is not enough to show that members of a particular race are statistically more likely to be prosecuted. *See id.* A defendant must demonstrate that others "similarly situated" were not prosecuted. *See Perry*, 152 F.3d at 903; *see also United States v. White*, 928 F.3d 734, 743–44 (8th Cir. 2019). Courts construe "similarly situated" narrowly.

> A defendant must show that he was treated differently from comparators—that is, other individuals: (1) who committed roughly the same crime under roughly the same circumstances, (2) who are outside the protected class—i.e., who did not share the trait or participate in the activity on which the prosecutor allegedly relied; and (3) who were known to the prosecutor.

*United States v. Lazzaro*, No. 21-cr-0173 (PJS/DTS), 2022 WL 16948157, at *2 (D. Minn. Nov. 15, 2022) (cleaned up); *see also White*, 928 F.3d at 744 (rejecting selective-prosecution claim where defendant had "not shown, or even alleged, that a resident of a state that has legalized marijuana would not be prosecuted for cultivating it in the same manner that" the defendant did).

The court in *Lazzaro* anticipated nearly the exact situation here:

> [A]n African-American defendant charged with unlawfully possessing a firearm who alleges that he was selectively prosecuted on account of his race by the United States Attorney for the District of Minnesota would have to introduce evidence that the United States Attorney for the District of Minnesota had decided not to prosecute comparators—that is, individuals who had committed the same crime under the same circumstances but who were not African American.

*Id.* Because Mr. Hawkins claims that his *successive* prosecution is the product of racial discrimination, his burden is slightly different: He needs to show that, in this District,

federal prosecutors aren't charging non-Black individuals as felons-in-possession even though the State of Minnesota charged those individuals for the same conduct. Further, the relevant comparators are individuals charged with being felons in possession and who were also alleged to be members of violent street gangs. *See* R&R at 5; *Lazzaro*, 2022 WL 16948157, at *2 (holding that comparators are those "who committed roughly the same crime under roughly the same circumstances").

Mr. Hawkins argues that two sets of evidence support a finding of discriminatory effect. His first set, raised in the motion to dismiss, are racial disparities in sentencing data. Minnesota state courts sentenced 2,190 individuals on felon-in-possession charges from 2018 to 2022. ECF No. 29 at 5; Johnson Aff. [ECF No. 30] ¶ 7 (citing Minnesota Sentencing Guidelines Commission, *Felon in Possession of Firearm/Ammunition: Sentenced 2018-2022* [ECF No. 30-1]). In that same time span, 242 individuals were sentenced in the United States District Court for the District of Minnesota for firearms-related crimes. Johnson Aff. ¶ 11; *see also Interactive Data Analyzer*, U.S. Sent'g Comm'n (2023), ida.ussc.gov/analytics (showing interactive dataset that can be filtered with respect to fiscal year, geography, demographics, and crime type). Of these 242, 163 individuals were Black. Johnson Aff. ¶ 12 (applying filters on the *Interactive Data Analyzer*). The 2020 U.S. Census shows that 12.4% of Minnesota's population is Black. *Id.* ¶ 13. Mr. Hawkins argues that this evidence shows the Government is selectively prosecuting individuals based on race in violation of the Due Process Clause. ECF No. 29 at 7.

As Judge Foster explained, this evidence does not establish discriminatory effect. The relevant comparator is an alleged member of a violent street gang who possessed a firearm despite being disqualified for previously committing a felony. Mr. Hawkins's evidence does not show that he is being treated differently from the proper comparators. At most it shows that Minnesota prosecutes more felon-in-possession cases than the United States does, and that federal defendants facing these charges are disproportionately Black. It doesn't show disparate treatment of comparators in the relevant sense. *Cf. Lazzaro*, 2022 WL 16948157, at *2. Crucially, there's no information about the number of non-Black individuals who possessed firearms as felons but were not federally prosecuted. State prosecution demographics are also missing: of the 2,190 felon-in-possession charges, how many were brought against Black defendants? Mr. Hawkins hasn't shown that, so it's impossible to tell if Black individuals are more likely than non-Black individuals to be charged with a successive prosecution. In short, this evidence does not meet the heavy burden required to show discriminatory effect.

In his objections to the Report and Recommendation, Mr. Hawkins provides a second set of evidence showing that he is being treated differently than the other alleged gang members charged alongside him. ECF No. 34 at 2–3. Federal prosecutors have charged ten members of the 10z street gang with illegally possessing firearms, including Mr. Hawkins. *See* Press Release, U.S. Att'y's Off., Dist. of Minn., 10 Minneapolis Gang Members Charged with Illegal Possession of Firearms and Drug Trafficking (June 18, 2024), www.justice.gov/usao-mn/pr/10-minneapolis-gang-members-charged-illegal-

possession-firearms-and-drug-trafficking-0.  Eight of these federal defendants[1] have or had state court proceedings against them.[2]  Mr. Hawkins asserts that each of them is Black. ECF No. 34 at 8.  Mr. Hawkins claims he is being treated differently from the others because only he and Mr. Jackson had been convicted in state court by the time federal proceedings began.  *Id.* at 4–5.  State prosecutors dismissed the felon-in-possession charges for three of the six other defendants.  *Id.* at 4.

This evidence does not show discriminatory effect for two reasons.  First, by Mr. Hawkins's admission, all the defendants are Black.  Mr. Hawkins must show that non-Black individuals aren't subjected to successive prosecutions, but that he and perhaps other Black individuals are singled out.  His evidence shows that he is not being treated like other Black defendants, so racial discrimination can't explain the difference.  Second, there is a natural explanation why he and Mr. Jackson are being successively prosecuted—their state court proceedings ended with convictions.  The other defendants are not similarly situated because their state criminal proceedings either ended with dismissals or remain pending. Mr. Hawkins says that *state* prosecutors are dismissing cases because of the federal

---

[1]     *United States v. Bratton*, No. 24-cr-33 (D. Minn.); *United States v. Eason*, No. 24-cr-121 (D. Minn.); *United States v. Hawkins*, No. 24-cr-161; *United States v. Jackson*, No. 24-cr-163 (D. Minn.); *United States v. Mack*, No. 24-cr-152 (D. Minn.); *United States v. Scott*, No. 24-cr-154 (D. Minn.); *United States v. Toy*, No. 24-cr-156 (D. Minn.); *United States v. Wright*, No. 24-cr-157 (D. Minn.).

[2]     *State v. Bratton*, No. 27-cr-23-26997 (Minn. Dist. Ct.); *State v. Eason*, No. 27-cr-23-22696 (Minn. Dist. Ct.); *State v. Hawkins*, No. 27-cr-24-3193 (Minn. Dist. Ct.); *State v. Jackson*, No. 27-cr-23-26095 (Minn. Dist. Ct.); *State v. Mack*, No. 27-cr-23-27580 (Minn. Dist. Ct.); *State v. Scott*, No. 27-cr-23-24256 (Minn. Dist. Ct.); *State v. Toy*, No. 27-cr-24-6606 (Minn. Dist. Ct.); *State v. Wright*, No. 27-cr-24-9350 (Minn. Dist. Ct.).

charges, *see id.* at 4, but that does not show discriminatory treatment by *federal* prosecutors, which he claims here.

In short, neither set of evidence shows that similarly situated individuals are not prosecuted. Since Mr. Hawkins has not met the first prong of the selective-prosecution analysis, his objection is not persuasive, and his motion will be denied.

B

If it mattered, Mr. Hawkins has not established the second prong, either—*i.e.*, "that the decision to enforce the law against him was motivated by discriminatory purpose." *Perry*, 152 F.3d at 903. Mr. Hawkins's evidence consists of conclusory statements like "[t]he only logical conclusion is that the federal government singled him out for a successive, federal prosecution based on his race," and that "Mr. Hawkins' race clearly played a role in the Government's decision to duplicate the state prosecution." ECF No. 29 at 6. His objections to the Report and Recommendation do not raise additional arguments on this point. I agree with Judge Foster's view that these statements "amount[] to nothing more than sheer speculation." R&R at 6–7.

**ORDER**

Therefore, based on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.  The Objection to the Report and Recommendation [ECF No. 34] is **OVERRULED**; and

2.  The Report and Recommendation [ECF No. 33] is **ACCEPTED** in full.

Dated:  December 4, 2024              s/ Eric C. Tostrud
                                      Eric C. Tostrud
                                      United States District Court